**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynda Wagner,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-08042-PCT-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Lynda Wagner's Application for Disability Insurance Benefits by the Social Security Administration. Plaintiff filed a Complaint seeking judicial review of that denial. (Doc. 1.) The Court has reviewed Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant's Response Brief (Doc. 19, "Def. Br."), Plaintiff's Reply (Doc. 20, "Reply"), and the Administrative Record (Doc. 13, "R."). For the reasons expressed herein, the Court will reverse the Administrative Law Judge's ("ALJ") decision and remand to the agency for further proceedings.

**I.    BACKGROUND**

Plaintiff applied for disability insurance benefits on March 21, 2016, for a period of disability beginning on March 1, 2010. (R. at 202.) The Commissioner denied Plaintiff's application initially and on reconsideration. (*Id.* at 97, 110.) On December 7, 2018, Plaintiff and an impartial vocational expert appeared and testified at a hearing before an ALJ. (*Id.* at 43, 69.) At the hearing, Plaintiff amended her alleged onset date of disability to April 9, 2015. (*Id.* at 42.) On January 30, 2019, the ALJ denied Plaintiff's application for benefits.

(*Id.* at 19–31.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1.) Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The ALJ evaluated Plaintiff's disability based on the following severe impairments: human immunodeficiency virus, chronic hepatitis C, and multilevel degenerative disc disease. (R. at 25–26.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 26.) The ALJ concluded Plaintiff has the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 C.F.R. 416.967(b)," noting her "functional limitations . . . have been properly accounted for in the [RFC] assessment" and "are not significant enough to preclude all employment." (*Id.* at 27–30.) Based on Plaintiff's RFC, the ALJ determined Plaintiff was able to perform past relevant work as a driver and cashier. (*Id.*) The ALJ found "this work was substantial gainful activity, performed long enough for the claimant to achieve average performance, and performed within the relevant period." (*Id.*) Thus, the ALJ determined that Plaintiff was not disabled during the relevant period. (*Id.*)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court's review is limited to the issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside a decision only if "it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* (internal quotations omitted). But, the Court may not affirm a decision simply by isolating a "specific quantum of supporting evidence." *Id.*

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps; the

burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, ending the inquiry. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination thereof meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520[a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and then determines whether the claimant can perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III.  DISCUSSION**

    **A.  Past Relevant Work**

Plaintiff raises one issue: whether the ALJ committed reversible legal error in finding that she could perform past relevant work as a cashier or driver. (Pl. Br. at 3.) At step four of the disability determination, a claimant must show that she does not have the RFC to engage in "past relevant work." *Lewis*, 236 F.3d at 515. To qualify as past relevant work, a job must involve substantial gainful activity. *Id.* "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." *Id.* If a claimant's average monthly earnings are below specified levels set by the Social Security Administration, the claimant's step-four burden is satisfied "unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity." *Id.* (emphasis in original). When a claimant "work[s] over a period of time during which the substantial gainful activity earnings levels change," the earnings are

averaged for each separate period. 20 C.F.R. § 404.1574a(b). And, if a claimant's work pattern or earnings change significantly, the earnings are averaged over each separate period of work. *Id.* § 404.1574a(c). In this case, the ALJ determined Plaintiff has past relevant work as a cashier and driver. Plaintiff contends that neither job qualifies as past relevant work because her earnings were "less than necessary to amount to [substantial gainful activity]." (Pl. Br. at 6–8.) The Court will address each position in turn.

In 2006, Plaintiff earned an average of $754.70 per month as a cashier. (R. at 223.) For that year, monthly earnings averaging less than $860 give rise to a presumption that a claimant did not engage in substantial gainful activity. *Substantial Gainful Activity*, Soc. Sec. Admin., https://ssa.gov/oact/cola/sga.html (last visited Mar. 17, 2021). Plaintiff's low earnings therefore created a presumption that she did not engage in substantial gainful activity as a cashier. *See Lewis*, 236 F.3d at 515. Considering that presumption, the ALJ was required to "point[] to substantial evidence, aside from earnings," to establish that Plaintiff engaged in substantial gainful activity. *Id.* The ALJ only cited Exhibit 5E—which makes no reference to Plaintiff's work as a cashier—and Exhibits 3D and 7D—Plaintiff's earnings records. (R. at 30, 213–14, 221–24, 249–53.) Defendant concedes that the ALJ "failed to specifically address Plaintiff's insufficient earnings" or "engage in the alternative analysis to determine whether, aside from earnings, Plaintiff engaged in substantial gainful activity." (Def. Br. at 10.) But Defendant argues that error is harmless because the ALJ properly found that Plaintiff's work as a driver was past relevant work. (*Id.* at 11.)

Plaintiff earned $8,872.48 working as a driver in 2007. (Pl. Br. at 8; Def. Br. at 6.) For that year, monthly earnings averaging less than $900 give rise to a presumption that a claimant did not engage in substantial gainful activity. *Substantial Gainful Activity*, Soc. Sec. Admin., https://ssa.gov/oact/cola/sga.html. The record contains two different end-dates for Plaintiff's driver position: June 2007 and August 2008. (R. at 59, 70, 230, 249.) As Plaintiff points out, if the August 2008 end-date is used, her 2007 earnings would be divided by twelve months, yielding average earnings of $739.39 per month and giving rise to the presumption that she did not engage in substantial gainful activity. (Pl. Br. at 8.) If,

however, the June 2007 end-date is used, Plaintiff's average monthly earnings amount to $1,478.75, and no presumption would apply. (*See* Def. Br. at 5.)

Although the record is unclear whether Plaintiff's earnings met the level set by the Social Security Administration, the ALJ concluded Plaintiff's work as a driver "was substantial gainful activity." (R. at 30.) As support, the ALJ made a parenthetical reference to Exhibits 5E, 3D, and 7D. (*Id.*) Exhibit 5E states that Plaintiff worked as a driver until August 2008. (*Id.* at 249.) Exhibits 3D and 7D, however, indicate that Plaintiff had no earnings in 2008. (*Id.* at 214, 223.) Under "[l]ong-standing principles of administrative law," the Court's review is limited to "the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ's decision does not indicate whether he relied on the June 2007 end-date to conclude Plaintiff earned more than the threshold substantial gainful activity amount. Nor is there reasoning that, despite low earnings, other factors rebutted the presumption that the driver position was not substantial gainful activity. Because the ALJ did not "set forth the reasoning behind [his] decision in a way that allows for meaningful review," the Court cannot affirm the decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also Montoya v. Colvin*, 649 F. App'x 429, 431 (9th Cir. 2016) (finding an ALJ erred by not "addressing the substantial gainful activity issue or developing the record on it" when the record was unclear whether a plaintiff earned more than the level set by the agency).

### B. Remand for Further Proceedings

The Court will next address the scope of the remand. Where, as here, a claimant moves to remand for an award of benefits, the claimant must meet the "credit-as-true" rule. The credit-as-true rule applies "only in rare circumstances" and when three elements are satisfied. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal quotations omitted). First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical opinion evidence or claimant testimony. *Id.* Second, the record must be fully developed, there must be no outstanding issues that must be resolved

before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted). Here, the second element is dispositive.

To determine whether further proceedings would be useful, the Court considers "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103–04. In this case, there is a significant conflict in the record as to when Plaintiff stopped working as a driver. (R. at 59, 70, 230, 249.) The end-date of the driver position is a pertinent factual issue because, as noted, the date on which the driver position terminated impacts whether the job qualifies as substantial gainful activity and past relevant work. *See supra* Part III.A. Thus, given the conflict and ambiguity that remains in the record, the Court will remand this case to the agency for further proceedings.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the final decision of the Social Security Commissioner is vacated, and this matter is remanded to the Social Security Administration for further proceedings consistent with the Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 18th day of March, 2021.

Michael T. Liburdi
United States District Judge