**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynda Wagner, | No. CV-20-08042-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's Attorney John E. Phillips ("Mr. Phillips") filed a Motion for Award of Attorney Fees and Memorandum in Support of the Motion under 42 U.S.C. § 406(b). (Doc. 25.) Mr. Phillips seeks $10,269.13 in attorneys' fees for representing Plaintiff on a contingent-fee basis. (*Id.*) For the following reasons, the Court grants the motion.[1]

**I.   BACKGROUND**

After the Social Security Administration ("SSA") denied Plaintiff's disability benefits application, Plaintiff filed a complaint for judicial review with this Court. (Doc. 1.) The SSA timely answered. (Doc. 12.) Following the Plaintiff's Opening Brief (Doc. 14), the Defendant's Response Brief (Doc. 19), and the Plaintiff's Reply Brief (Doc. 20), the Court ordered Plaintiff's claim remanded for further administrative proceedings and entered judgment the same day. (Docs. 21 & 22.) On remand, the Administrative Law Judge ("ALJ") awarded Plaintiff $41,476.50 in past-due benefits and withheld $10,369.13 of those funds. (Doc. 25-2.) Following the proceeding, the parties filed a Joint Stipulation

---

[1] Dallis Meiering, a third-year law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

for attorneys' fees under the Equal Access to Justice Act ("EAJA") for an award of $3,978.98. (Doc. 23.) The Court granted the Stipulation. (Doc. 23.) Later, Mr. Phillips filed the pending motion for attorneys' fees under 42 U.S.C. § 406(b) requesting an award of $10,269.13[2]. (Doc. 25.) Mr. Phillips further agreed to return to the $3,978.98 EAJA award upon the Court awarding the requested amount. (*Id.* at 12) The Defendant filed a response. (Doc. 26.) And Mr. Phillips filed a reply. (Doc. 27.)

## II.     LEGAL FRAMEWORK

Section 406(b) of the Social Security Act authorizes the payment of attorneys' fees to attorneys who successfully represent Social Security benefits claimants. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that when "a court renders a judgment favorable to a claimant . . . who was represented . . . by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." *Id.*  The fee is paid "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* This 25% statutory cap on the fee does not preclude attorneys and claimants from entering into contingent-fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "Courts [must] approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808.  District courts may properly reduce the amount requested under a contingent-fee agreement for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).  The burden rests on the attorney to "show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. If a claimant's attorney receives fees under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and § 406(b) of the Social Security Act, the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation and alteration omitted).

///

---

[2] In Defendant's Response, the Defendant asserted that Plaintiff's counsel sought the fully withheld amount of $10,369.13. (Doc. 26 at 2.) Mr. Phillips addressed the discrepancy in his Reply and reiterated he seeks $10,269.13—$100.00 less than the withheld amount. (Doc. 27 at 2.)

### III. REASONABLENESS OF THE FEES

Upon review of Plaintiff's contingent-fee agreement with Mr. Phillips and in applying the *Gisbrecht* factors, the Court finds the attorneys' fees requested under § 406(b) are reasonable. Mr. Phillips seeks a fee award of $10,269.13, $100.00 less than the amount withheld from Plaintiff's past-due benefits, for 19.15 hours worked at a *de facto* hourly rate of $536.25. (Docs. 25 and 27.) Defendant "takes no position on the reasonableness of the request." (Doc. 26 at 5.) The Ninth Circuit has emphasized that district courts "must respect 'the primacy of lawful attorney-client fee agreements . . . [by] looking first to the contingent-fee agreement, then testing it for reasonableness.'" *See Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Plaintiff contracted to pay 25% of past-due benefits on a contingent fee basis. (Doc. 1-3.) The record does not indicate Mr. Phillips' performance was substandard or that he caused an undue delay in prosecuting Plaintiff's case. *See Crawford*, 586 F.3d at 1151. There is also no indication of "fraud or overreaching in the making of the 25% contingent-fee agreement[ ]." *Id.* Mr. Phillips also expended effort following the SSA's denial of the initial claim. He fully briefed the Court and successfully persuaded the Court to remand the decision back the SSA for further proceedings. (Docs. 14, 19-22.) The proceedings resulted in the ALJ finding Plaintiff entitled to $41,476.50 in past-due benefits. (Doc. 25-2.)

Mr. Phillips further submitted that his normal hourly rate is $300.00. *See Gisbrecht*, 535 U.S. at 808 (noting "court[s] may require [counsel] to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."). The Court notes that Mr. Phillips $300.00 normal hourly rate is lower that the $536.25 *de facto* hourly rate, however, other Arizona District Courts have awarded substantially higher *de facto* hourly rates for similar matters. *See Payne v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08254-PCT-GMS, 2021 WL 1171501 (D. Ariz. Mar. 29, 2021); *see also Chisholm v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08010-PCT-JAT, 2022 WL 1569074 (D. Ariz. May 18, 2022).

Thus, in considering the *Gisbrecht* reasonableness factors and the risks involved

with the contingency fee arrangements, the Court finds a fee award of $10,269.13 is reasonable. Finally, because Mr. Phillips was awarded the $3,978.98 EAJA fee, he shall refund the EAJA award to Plaintiff upon his receipt of the 406(b) fees awarded in this Order.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** the Motion for Award of Attorney Fees (Doc. 25) in the amount of $10,269.13.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act, in the amount of $3,978.98.

Dated this 30th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge